Mr. Wayne Greathouse Interim Executive Director Arkansas Teacher Retirement System 1400 West Third Little Rock, AR 72201
Dear Mr. Greathouse:
I am writing in response to your request for an opinion on the following questions:
 1. Prior to July 1, 1971, was an administrative or clerical employee of the Arkansas Department of Education (ADE) eligible to join the Arkansas Retirement System (ATRS)? If such employees were eligible, could the employee choose whether to join ATRS?
 2. If an administrative or clerical employee was not a member of ATRS as of June 30, 1971, were they required to be members of the system on July 1, 1971, pursuant to Act 42 of 1971?
 3. If such an employee did not become a member of ATRS on July 1, 1971, is the employee now eligible to obtain service credit for the years between July 1, 1971, and the date on which the employee joined ATRS?
 4. More specifically, if such an employee became a member of the ATRS in 1976 and did not obtain service credit at that time for the prior years, can that employee now obtain service credit for the prior years? Is such a request barred by a statute of limitations, the doctrine of laches, or a statute?
 5. If such an employee is eligible to obtain service credit for the years prior to 1976, what is ADE's responsibility, if any, with regard to employer contributions and interest? Is a request for employer contributions barred by a statute of limitations, the doctrine of laches, or a statute? In the event the ADE is responsible for employer contributions, was the ADE's employer contribution made by virtue of the specific appropriations found in Act 42 of 1971, Act 427 of 1973, and Act 549 of 1975, or were the amounts appropriated simply the maximum amounts that could be paid to ATRS for ADE employees reported to ATRS?
 6. If such an employee is eligible to obtain service credit for the years prior to 1976, what is the employee's responsibility with regard to contributions and interest? Is the employee responsible for both the member and employer contributions, plus interest?
RESPONSE
It is my opinion that the answer to both parts of your first question is "yes." Because your first question refers to eligibility of an employee to join ATRS "prior to July 1, 1971," I am assuming that your second question, as well as your remaining questions, pertain to an individual who was employed by ADE prior to July 1, 1971. It is my opinion that the answer to your second question is "no" with regard to such an employee. The employee was not required to be a member of ATRS pursuant to Act 42 of 1971. With regard to your third and fourth questions concerning eligibility to obtain service credit for the prior years, it is my opinion that the employee can receive credit for the previous employment period under A.C.A. § 24-2-402, which authorizes the purchase of credited service in a "reciprocal" system, assuming that he or she meets the statutory requirements. It is my opinion in response to your fifth question that ADE has no responsibility in this instance with regard to employer contributions. The answer to your last question is "yes," in my opinion. The employee would be responsible for both the employee and employer contributions, plus interest.
Question 1 — Prior to July 1, 1971, was an administrative or clericalemployee of the Arkansas Department of Education (ADE) eligible to jointhe Arkansas Retirement System (ATRS)? If such employees were eligible,could the employee choose whether to join ATRS?
The answer to the first part of this question is "yes" in accordance with Act 93 of 1957. Section 1 (g)(2) of Act 93 of 1957 included "administrative and clerical employees of the . . . State Board of Education" within the definition of "teacher" under the Teacher Retirement provisions, "[p]rovided they elect to become members of theRetirement System in accordance with such rules and regulations as the Board of Trustees shall from time to time adopt[.]" (Emphasis added). This provision included administrative and clerical employees of ADE because the State Board of Education selected ADE personnel pursuant to A.C.A. § 6-11-108.[1] These employees were thus eligible to join ATRS and could "elect," i.e., choose to become members. Thus, the answer to the second part of this question is also "yes."
Question 2 — If an administrative or clerical employee was not a memberof ATRS as of June 30, 1971, were they required to be members of thesystem on July 1, 1971, pursuant to Act 42 of 1971?
It is my opinion that the answer to this question is "no" with regard to an administrative or clerical employee of ADE who was employed before July 1, 1971. This follows from my reading of Act 42 of 1971 as it pertained to ATRS membership. Act 42 rewrote Act 93 of 1957, and specifically with regard to membership stated:
The membership of the System shall include the following persons:
 (a) All teachers who last began teaching service before July 1, 1971, in accordance with provisions in force before July 1, 1971;
 (b) All teachers who last began teaching service on or after July 1, 1971 and whose teaching service is not covered by another retirement plan similar in purpose to this System, except social security. . . .
Acts 1971, No. 42, § 4 (emphasis added).
The emphasized language refers, in my opinion, to the "provisions in force" with respect to System membership. As noted above, prior to July 1, 1971, Act 93 of 1957 provided for the election of System membership by ADE administrative and clerical employees. Under Act 42 of 1971, therefore, those "teachers" whose service "last began . . . before July 1, 1971" could continue to elect to become members of ATRS.[2] Such persons were not, however, required to be members of ATRS. This conclusion follows, in my opinion, from a plain reading of the 1971 act.
Question 3 — If such an employee did not become a member of ATRS on July 1, 1971, is the employee now eligible to obtain service credit for the years between July 1, 1971, and the date on which the employee joined ATRS?
Question 4 — More specifically, if such an employee became a member of the ATRS in 1976 and did not obtain service credit at that time for the prior years, can that employee now obtain service credit for the prior years? Is such a request barred by a statute of limitations, the doctrine of laches, or a statute?
It is my opinion that the employee can receive credit for the previous employment period under A.C.A. § 24-2-402, if he or she meets the requirements of this statute. This provision involves the reciprocal purchase of service credit. It establishes certain conditions for entitlement to a deferred annuity under, inter alia, the ATRS deferred retirement option plan (A.C.A. 24-7-1301 et seq.). I have found no other authority for obtaining credited service in ATRS in a situation such as this, where the individual is not currently a member of ATRS and was not a member of ATRS when the former employment occurred.[3] Compare A.C.A. § 24-7-502(b)(5) (Supp. 2001) (regarding so-called "unilateral" or "same system" purchases of credit for previous service by a "member"). See also generally Op. Att'y Gen. Nos. 91-251 and 91-085.
Section 24-2-402 provides in relevant part as follows:
 If a member of a reciprocal system left or leaves a position covered by a reciprocal system, if an employee in a position covered by a reciprocal system left the employ of a state employer before the latter position was covered by a reciprocal system, or if an employee in a position later covered by a reciprocal system leaves that position before it is covered by a reciprocal system, which in this section in each case is called the `preceding system', and if that person entered or enters a position covered by a reciprocal system, which in this section is called the `succeeding system', and if the person is a member of the succeeding system after July 1, 1975, then the person shall be entitled to a deferred annuity payable by the preceding system subject to the following conditions:
 (1) The person has credited service acquired in the employ of the preceding state employer;
 (2)(A) The person does not withdraw his accumulated contributions from the preceding reciprocal system, or if he or she has withdrawn his or her accumulated contributions, he or she deposits with the preceding reciprocal system the amount he or she withdrew, together with interest from the date of withdrawal to the date of repayment at the rate in effect for the preceding reciprocal system, but that deposit must be made while he is an active member of a reciprocal system.
 (B) In addition to the forfeited credited service, the active member of a reciprocal system shall receive credit for his or her previous employment with a public employer upon his or her paying the prescribed employee and employer contributions based upon the rate in effect during the previous employment, together with regular interest from the dates for the previous service to the date of repayment.
A.C.A. § 24-2-402 (Supp. 2001) (emphasis added).
As you can see, the applicability of this Code section is premised initially upon the involvement of a "reciprocal" system. The above-emphasized language in subsection (2)(B) is the relevant provision in response to your questions. It applies to an "active member of a reciprocal system." It authorizes the purchase of service credit by such a member for previous employment, which is distinguishable from the regaining of so-called "forfeited" credited service. See Op. Att'y Gen.91-085 at 2 (citing A.C.A. § 24-2-402(2)(B) and explaining the distinction by noting that in the case of a purchase of credited service, the employee was never a member of the other system at the time of the former employment).
My predecessor concluded that § 24-2-402(2)(B) allows the purchase of credited service by one who was not a member at the time of the previous employment. Op. 91-085 at n. 5. I agree with this conclusion. Additionally, according to my review, there is no statute of limitations or other time limit under § 24-2-402 for making such a purchase. I cannot state conclusively, however, that the individual in question is eligible under this provision to obtain service credit for the prior years at ADE when he or she was not a member of ATRS, because this requires a factual determination which is outside the scope of this opinion.
Question 5 — If such an employee is eligible to obtain service credit forthe years prior to 1976, what is ADE's responsibility, if any, withregard to employer contributions and interest? Is a request for employercontributions barred by a statute of limitations, the doctrine oflaches, or a statute? In the event the ADE is responsible for employercontributions, was the ADE's employer contribution made by virtue of thespecific appropriations found in Act 42 of 1971, Act 427 of 1973, and Act549 of 1975, or were the amounts appropriated simply the maximum amountsthat could be paid to ATRS for ADE employees reported to ATRS?
It is my opinion that ADE has no responsibility with regard to employer contributions in connection with these prior years. The employee in this instance apparently did not elect to become a member of ATRS for the years prior to 1976, as was authorized under the relevant acts. See
responses to Questions 1 and 2 above. It can thus reasonably be assumed that no employer contributions were made on behalf of the employee during that period. It is my opinion, in any event, that no contributions were required. If it is now established as a factual matter that the employee falls under A.C.A. § 24-2-402 and can receive credit for the previous employment with ADE for purposes of this provision, then it is clear under § 24-2-402(2)(B) that the employee must pay both the employee and the employer contributions in order to receive the service credit. Indeed, this requirement likely follows from the fact, as noted above, that § 24-2-402 applies to one who seeks credited service for former employment when he or she was not a member of the reciprocal system, the assumption being that there were no employer contributions during the previous employment. I can conceive of no basis at this point for requiring contributions from ADE under these circumstances.
Question 6 — If such an employee is eligible to obtain service credit forthe years prior to 1976, what is the employee's responsibility withregard to contributions and interest? Is the employee responsible forboth the member and employer contributions, plus interest?
See response to Question 5 above. According to my review, A.C.A. §24-2-402 offers the only potential authority for the employee to obtain service credit for the previous employment with ADE. Section 24-2-402
states that to obtain the credit, the member must pay "the prescribed employee and employer contributions based upon the rate in effect during the previous employment, together with regular interest from the dates for the previous service to the date of repayment." A.C.A. §24-2-402(2)(B), supra. If the employee is in fact eligible under §24-2-402 to obtain the service credit, his or her responsibility for the contributions seems clear.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] This section was repealed by Act 537 of 2001.
[2] The definition of "teacher" under Act 42 of 1971, similar to the definition in Act 93 of 1957, included persons employed with ADE. See
Acts 1971, No. 42, § 2.07 (c).
[3] Although, according to your questions, the employee did become a member of ATRS in 1976, I am referring to the prior period of employment when the employee was not a ATRS member, which is the relevant time period under these questions involving service credit for prior years.